UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**UNITED STATES OF AMERICA**

v.                    CASE NO. 4:02-CR-00114 GTE

**MICHAEL D. GRIMES**

### ORDER

Presently before the Court is Defendant Michael D. Grimes' *pro se* Motion for Expungement.

A district court has the power to expunge a criminal record under the Civil Rights Act,[1] the habeas corpus statutes,[2] the statutory preservation under the All Writs Act of a district court's authority to issue a writ of error *coram nobis* [3] to correct an unlawful conviction, or the Constitution itself.[4]  *United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000).  Congress has also enacted statutes that expressly authorize a district court to order expungement or to correct

---

[1] *See* 42 U.S.C. §§ 1971, 1983, 1985; *see, e.g., Maurer,* 691 F.2d at 437; *Shipp,* 568 F.2d at 134; *United States v. McLeod,* 385 F.2d 734, 738-39, 749-50 (5th Cir.1967).

[2] *See* 28 U.S.C. §§ 2254, 2255; *see, e.g., Bromley v. Crisp,* 561 F.2d 1351, 1354, 1364 (10th Cir.1977); *Woodall v. Pettibone,* 465 F.2d 49, 50, 52 (4th Cir.1972).

[3] *See* 28 U.S.C. § 1651; *see, e.g., Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987).

[4] *See Menard v. Saxbe,* 498 F.2d 1017, 1022-23 (D.C.Cir.1974); *Sullivan v. Murphy,* 478 F.2d 938, 960 (D.C.Cir.1973); *Paton v. La Prade,* 524 F.2d 862, 865, 868 (3d Cir.1975).

an inaccurate government record,[5] and it has provided federal courts with limited jurisdiction to grant a new trial,[6] to correct a sentence,[7] or to reduce a sentence to reflect the assistance that a defendant has given the Government.[8] *Id*. However, it is clear that federal district courts lack subject matter jurisdiction to expunge a criminal record based solely on equitable grounds. *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006). "[A] district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Sumner*, 226 F.3d at 1014.

The Court's records indicate that Defendant pled guilty to Bankruptcy Fraud on July 16, 2002. On October 10, 2002, he was placed on probation for one year, and a $100 special assessment was imposed. On August 15, 2007, Defendant filed his Motion for Expungment, which states, "I am writing to ask you if you can expung[e] the charges that were filed against me July 16, 2002. I have not been in any trouble since that time and have no contact with my borthrs since. I am sending copy of character affidavit to help me and show you I have been in no trouble since that time." Defendant has not stated any grounds for expungement. Therefore, Defendant's motion is denied.

Accordingly,

---

[5]*See* 21 U.S.C. § 844(b)(2); 5 U.S.C. § 552a; *see, e.g., Scruggs v. United States,* 929 F.2d 305, 306 (7th Cir.1991).

[6]*See* Fed.R.Crim.P. 33.

[7]*See* 18 U.S.C. 3582(c); Fed.R.Crim.P. 35(a), (c).

[8]*See* Fed.R.Crim.P. 35(b).

IT IS THEREFORE ORDERED THAT Defendant's Motion for Expungement (Docket No. 11) be, and it is hereby, DENIED.

Dated this 17th day of August, 2007.

                                                                             /s/Garnett Thomas Eisele_____
                                                                             UNITED STATES DISTRICT JUDGE